UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FOLEX GOLF INDUSTRIES, INC., a California CORPORATION, | ) ) ) | CASE NO. CV 09-2248-R |
| Plaintiff, | ) ) ) | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| vs. | ) ) | |
| CHINA SHIPBUILDING INDUSTRY CORPORATION, a Chinese COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

On October 4, 2010, Defendant O-TA Precision Industries Co., Ltd.'s Motion for Summary Judgment came on for regular hearing in the above-entitled Court before the Court.

After consideration of the moving and opposing papers, including supplemental briefs, in connection with this motion, hearing oral arguments thereon, and finding good cause therefor, the Court finds that O-TA Precision Industries Co., Ltd. is entitled to summary judgment as to all of Plaintiff Folex Golf Industries, Inc.'s claims for the reasons stated herein.

## I. FINDINGS OF FACT

**A.    Relevant Procedural History**

1.   This lawsuit was originally filed on March 31, 2009, by Plaintiff Folex Golf Industries, Inc. ("Folex") against defendants China Shipbuilding Industry Corporation, a Chinese company ("China Shipbuilding"), Luoyang Ship Material Research Institute, a Chinese Company ("LSMRI"), and O-TA Precision Industries Co., Ltd., a Taiwan company ("O-TA"). Folex filed the operative First Amended Complaint ("FAC") on June 26, 2009.

2.   Folex filed a declaration advising that it had initiated proceedings under the Hague Convention to serve China Shipbuilding and LSMRI, both of which are entities located in the People's Republic of China ("PRC"). However, neither entity was served or appeared before this Court.

3.   LSMRI is alleged by Folex to be a subsidiary of China Shipbuilding. The two entities shall be referred to collectively as LSMRI throughout this order.

4.   On March 22, 2010, O-TA filed a motion to dismiss for, among other things, lack of personal jurisdiction. This Court denied the motion to dismiss on or about May 3, 2010. Trial was initially set for July 27, 2010.

5.   O-TA filed its Answer on June 24, 2010. On July 9, 2010, O-TA filed an ex parte request to extend the trial dates and commensurate discovery schedule by nine (9) months. Folex objected to O-TA's request and instead proposed a sixty (60) day extension of time of the pre-existing dates. Folex advised the Court that it wished to pursue its claims against O-TA notwithstanding LSMRI's absence from the case. This Court adopted Folex' proposed schedule and set a trial date of October 5, 2010.

6.   Based on Folex' proposed schedule adopted by this Court, O-TA filed its Motion for Summary Judgment on August 16, 2010. The Court, on its own motion, extended the time for Folex to file its opposition papers to August 30, 2010. O-TA filed its reply papers on September 7, 2010. The Court, on its own motion, granted Folex leave to file a supplemental brief by September 27, 2010.

7.   The Court heard oral argument on O-TA's motion for summary judgment on October 4, 2010.

**B.     Relevant Uncontroverted Facts**

2

### 1. The 1996 SST-LSMRI Agreement

8. On November 23, 1996, the SST Company of the United States ("SST") entered into an "Agency Agreement" with LSMRI (hereinafter "the 1996 SST-LSMRI Agreement"). (Declaration of William C. Hsu ("Hsu Decl."), Ex A.) O-TA was not a party or signatory to the 1996 SST-LSMRI Agreement.

9. Under the 1996 SST-LSMRI Agreement, LSMRI agreed to pay SST a commission of between 6%-10% of the selling price on all sales made directly by LSMRI to customers introduced by SST. LSMRI was to make payment to SST in a form to be requested by SST within five (5) working days after LSMRI received payment from a customer.

### 2. The 1996 Folex/SST Contract

10. In addition to the 1996 SST Agreement, Folex Golf Industries, Inc./SST Company entered into another "Agency Contract" with LSMRI also dated November 23, 1996 (hereinafter "the 1996 Folex-LSMRI Contract"). (Declaration of Lin, Chon Chen ("Lin Decl."), Ex. A.) O-TA was not a signatory or party to 1996 Folex/SST Contract.

11. Under the 1996 Folex-LSMRI Contract, LSMRI agreed to pay Folex a commission of between 6%-10% of the selling price on all sales made directly by LSMRI to customers introduced by Folex. Payments from customers introduced by Folex to LSMRI were to be made to Folex which would deduct its commission and then pay the remaining balance to LSMRI.

### 3. The 2000 Folex-LSMRI Addendum

12. On or about February 2000, Folex Corporation of the United States and its subsidiary, Folex Golf Industries, entered into an "Addendum to Agency Agreement" with LSMRI (hereinafter "the Folex-LSMRI 2000 Addendum"). (Hsu Decl., Ex. B.) O-TA was not a signatory or party to the Folex-LSMRI 2000 Addendum.

### 4. Cooperation Agreement Between O-TA and LSMRI

13. On October 20, 2000, O-TA entered into a Cooperation Agreement with LSMRI (hereinafter "the 2000 Cooperation Agreement"). (Hsu Decl., Ex. C.) Pursuant to the 2000 Cooperation Agreement, O-TA and LSMRI agreed that the "parties should resolve problems they encounter with a spirit of amicable consultation and consent to request the third party, [Folex], to

1  act as the mediator." (*See id*.) The 2000 Cooperation Agreement was signed by O-TA, LSMRI
2  and Folex. Folex signed the 2000 Cooperation Agreement in its capacity as the agreed upon
3  "Mediator" between O-TA and LSMRI. (*See id*.)

### 5. The Relationship Between O-TA, LSMRI and Folex

5  14. O-TA was a customer of LSMRI and purchased certain titanium casting products
6  from LSMRI. In 1998, O-TA was instructed to remit payment directly to Folex. The record
7  reflects that Folex would then take its commission and forward the remainder to LSMRI. Those
8  instructions remained unchanged for approximately six years until March or April 2005, when O-
9  TA begin remitting payment directly to LSMRI. (Hsu Decl., Ex. D; Lin Decl., Ex. B.)

### 6. O-TA Refused to Sign Written Contract with Folex

11  15. Folex' officer, Mr. Chris Fu, testified that O-TA would not agree to sign a written
12  contract with Folex. (Supplemental Declaration of William C. Hsu ("Supp. Hsu Decl."), Ex. G at
13  48-51 and Ex. 119 ¶ 6.)

### 7. Folex Accuses O-TA of Wrongful Conduct

15  16. On June 6, 2005, Folex transmitted a letter to O-TA (hereinafter "the June 2005
16  Folex Letter"). (Lin Decl., Ex. B.) In that letter, Folex noted that "[b]y the end of April [2005],
17  the financial department of our company [Folex] did not receive payment for goods in March from
18  O-TA . . . . I called O-TA Company at the start of May to inquire. . . . OT-A Company unilaterally
19  and on their own, directly remitted payment to LUOYANG without negotiating with our company
20  . . . [O-TA] thought they could easily detain our company's commission this way . . . Manager Su
21  of your company [O-TA] has no right to interfere." (*Id*. at O-TA 000044-45.)

22  17. On October 14, 2005, an attorney representing Folex wrote a letter to O-TA
23  (hereinafter "the O-TA Demand Letter"). (Lin Decl., Ex. C.) The letter was written to address
24  "your [O-TA] violation of the contract agreement and transaction conventions by way of direct
25  remittance to [LSMRI]." (*Id*.) Among other things, Folex made certain demands and threatened
26  to institute legal proceedings if those demands were not met. Folex stated that it would spend "all
27  costs to solve this international commercial dispute through all possible legal means in order to
28  maintain the legal interest of FOLEX Company." (*Id*. at O-TA 000076.)

18. On October 14, 2005, an attorney representing Folex sent a letter to LSMRI (hereinafter "the LSMRI Demand Letter"). (Lin Decl., Ex. D.) The contents of the LSMRI Demand Letter were virtually identical to the contents of the O-TA Demand Letter.

19. On December 2, 2005, an attorney representing Folex sent a letter to O-TA. (Lin Decl., Ex. E.) In that letter, Folex noted that it "accused [O-TA] of breaching the contract on the basis of adequate facts and legal ground. If the lawsuit is filed in process, O-Ta will be the co-defendant of the case. FOLEX Company will appeal to the court concerning your [O-TA's] joint liability with [LSMRI]." (*Id*.)

### 8. Folex Deposition Testimony Confirms That It Knew About Claims in 2005

20. Mr. Chris Fu, an officer and shareholder of Folex, testified in deposition that:

- On June 30, 2005, he was personally told by an officer of co-defendant LSMRI that LSMRI and O-TA had reached an agreement to wrongfully exclude Folex from receiving commissions. He viewed this as a "conspiracy" between O-TA and LSMRI. (Supp. Hsu Decl., Ex. F at 150-53 and Ex. 107.)

- On June 30, 2005, Mr. Fu was personally told by an officer of LSMRI that it was being forced by O-TA to reduce Folex' commission. (*Id*., Ex. F at 163.)

- Prior to June 6, 2005, Folex had been told by officers of O-TA and LSMRI that to avoid paying commissions to Folex, they had been thinking about changing the name of the company selling product to O-TA. On June 6, 2005, Folex warned O-TA that any such attempt to avoid paying commissions to Folex would be a "criminal offense." (*Id*., Ex. F at 108-09 and Ex. 104 at OTA 000046.)

- During 2005, Folex met with at least two law firms, including the law firm of Paul Hastings, for the purpose of hiring them to pursue legal action against LSMRI and O-TA. (*Id*., Ex. F at 58-62.)

- On November 14, 2004, Mr. Fu was personally told by an officer of O-TA that if Folex did not agree to reduce its commissions, O-TA would cut Folex off from its commissions by sending payment directly to LSMRI. (*Id*., Ex. F at 147-48.)

5

21. Based on this uncontroverted evidence, the Court finds that Folex was on notice of its claims against O-TA in 2005.

22. Nevertheless, Folex did not file the instant lawsuit until March 31, 2009.

## II. CONCLUSIONS OF LAW

### A. Summary Judgment Legal Standard

23. Summary judgment should be granted where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When the record could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial and summary judgment should be granted. *See Matsushita Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 487 (1986).

24. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A court evaluates the evidence to determine whether there is a genuine need for trial. If "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial'" and summary judgment should be granted. *Matsushita*, 475 U.S. at 587. Summary judgment is appropriate when the evidence is so one-sided that a party must prevail as a matter of law. It is also appropriate when a party fails to offer sufficient evidence to support any essential element of a claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Celotex*, 477 U.S. at 322-23.

25. In opposing a motion for summary judgment, a party "may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). It must introduce credible evidence demonstrating a genuine dispute exists as to specific material facts. *Matsushita*, 475 U.S. at 586 n.11. This requires more than a "metaphysical doubt . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id*. at 586-587 (citation omitted).

26. Reasonable inferences are drawn in favor of the opposing party. However, to be reasonable, an inference must be based on credible evidence. Bald assertions based on a mere

scintilla of evidence will not preclude summary judgment. *Richards v. Neilsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987); *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). Where the record contradicts a party's allegations to the extent that no reasonable jury could believe them, a court is justified in adopting the story supported by the bulk of the evidence. *Scott v. Harris*, 550 U.S. 372 (2007) (summary judgment granted where evidence completely discredited claims).

**B.    Applicable Statutes of Limitations Bar Folex' Fourth, Sixth, Seventh and Tenth Claims**

27.    In light of the deposition testimony of Folex' principal, Mr. Chris Fu, the Court finds there is no genuine issue of material fact that Folex had actual knowledge of its claims against O-TA for alleged breach of implied-in-fact contract, inducing breach of contract, intentional interference with contractual relations, and fraud in 2005. As set forth in paragraph 20, *supra*, the Court finds that Folex was on notice of its claims against O-TA in 2005.

28.    Folex filed this lawsuit on March 31, 2009. Because Mr. Fu's testimony makes clear that he had knowledge of Folex' claims in 2005, the following claims in Folex' First Amended Complaint ("FAC") are barred by the statute of limitations as a matter of law:

(1)    The Fourth Cause of Action for breach of an implied-in-fact contract. The applicable statute of limitations is two (2) years. Cal. Civ. Proc. Code § 339(1); *Barton v. New United Motor Mfg., Inc.*, 43 Cal. App. 4th 1200, 1206, 51 Cal. Rptr. 2d 382 (1996). The claim is time-barred.

(2)    The Sixth and Seventh Causes of Action for wrongfully inducing breach of contract and intentional interference with contractual relations. The applicable statute of limitations for the tort of inducing breach of contract and interfering with contractual relations is two (2) years. Cal. Civ. Proc. Code § 339(1); *Boys Town, U.S.A., Inc. v. World Church*, 349 F.2d 576, 579 (9th Cir. 1965); *Knoell v. Petrovich*, 76 Cal. App. 4th 1464, 168, 90 Cal. Rptr. 2d 162 (1999). These claims are time-barred.

(3)    The tenth Cause of Action for fraud. The applicable statute of limitations for fraud is three (3) years. Cal. Civ. Proc. Code § 338(d). The claim is time-barred.

29. Folex contends that the discovery rule should toll the applicable statutes of limitations in this case. The Court finds that the discovery rule is unavailable to Folex where, as here, Folex had actual knowledge of these claims in 2005. *See Dolan v. Borelli*, 13 Cal. App. 4th 816, 823 (1993) (affirming summary judgment on statute of limitations where plaintiff was aware of injury and consulted an attorney); *Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F. Supp. 2d 1127, 1135 (N.D. Cal. 2006) (discovery rule was inapplicable because "the alleged breach of contract was not difficult to detect" and the plaintiff "knew precise dates upon which predetermined payments were scheduled to be made"); see also *Joly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1109-10 (1988); *Benson v. Browning-Ferris Indus.*, 7 Cal. 4th 926, 931 (1994).

30. Similarly, fraudulent concealment does not apply because Mr. Fu admits that by December 2, 2005, Folex knew about O-TA's alleged wrongful conduct, and that Folex had potential claims against O-TA. *See Rita M. v. Roman Catholic Archbishop*, 187 Cal. App. 3d 1453, 1460 (1986) ("The doctrine of fraudulent concealment [for tolling the statute of limitations] does not come into play, whatever the lengths to which a defendant has gone to conceal the wrongs, if a plaintiff is on notice of a potential claim"); *see also Migliori v. Boeing North America, Inc.*, 114 F. Supp. 2d 976, 984 (C.D. Cal. 2000). Mr. Fu further acknowledged in his testimony that he was advised prior to June 6, 2005 that O-TA and LSMRI were considering changing LSMRI's name to avoid paying commissions to Folex. He stated that he was later only surprised that O-TA and LSMRI had the "nerve" to carry out this plan. (*See* Supp. Hsu Decl., Ex. F at 108-09; Ex. 104 at OTA 000046; *see also* Ex. G at 122-23 and Ex. 150.)

**C.  Second Cause of Action For Breach of Written Contract Fails As There Is No Evidence of a Written Agreement Between Folex and O-TA**

31. Folex' second cause of action for breach of contract fails because Folex has been unable to produce any written instrument establishing a written contractual relationship between Folex and O-TA.

32. The evidence shows that the only written agreement(s) for payment of commissions were between Folex and LSMRI. (*See* FAC, Ex. A and Ex. C; Lin Decl., Ex. A.) O-TA is not a party to any of these written agreements.

8

|   |   |
|---|---|
| 1 | 33.     Further, Mr. Fu testified that he asked O-TA to enter into a written contract with LSMRI and Folex, and O-TA refused to do so.  (Supp. Hsu Decl., Ex. G at 48-51 and Ex. 119 ¶ 6.) |

33.     Further, Mr. Fu testified that he asked O-TA to enter into a written contract with LSMRI and Folex, and O-TA refused to do so.  (Supp. Hsu Decl., Ex. G at 48-51 and Ex. 119 ¶ 6.)

34.     Folex' claim for breach of written contract necessarily fails where there is no evidence that O-TA was a party or signatory to any written contract with Folex for payment of commissions.

35.     Folex argues in its papers that a January 9, 1999 letter from O-TA to Folex clarifying O-TA's procedure for processing payments to LSMRI constitutes an "agreement" by O-TA to pay commissions to Folex.  (FAC, Ex. B.)  Even the most generous reading of the letter does not support Folex' contention.  Accordingly, the Court finds that no trier of fact could reasonably conclude that this letter constitutes a binding agreement by O-TA to pay commissions to Folex.

### D.     Third Cause of Action for Breach of Sales Contract Fails Because There Is No Agreement Between Folex and O-TA for the Sale of Goods

36.     Folex' third cause of action for breach of sales contract under California's version of the Uniform Commercial Code ("UCC") fails because Folex is unable to show any contractual relationship between itself and O-TA that involves the sale of goods between the parties.  That Folex was providing services in connection with the sale of goods does not implicate the UCC.  *See Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1186 (2008).  Accordingly, the UCC does not apply.

### E.     Fifth Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing Fails Because There Is No Underlying Contractual Relationship

37.     Folex' fifth cause of action for breach of the implied covenant of good faith and fair dealing necessarily fails because, as set forth herein, Folex has been unable to establish any contractual relationship between itself and O-TA.  *See Smith v. City & County of San Francisco*, 225 Cal. App. 3d 38, 49 (1990) (breach of implied covenant requires "the existence of a contractual relationship between the parties"); *see also* George W. Kuney & Donn C. Looper, *California Law of Contracts* § 6.35, at 363 (2010) ("Without a contractual relationship, there can be no action for breach because the covenant is implied in the contract and does not exist apart

9

1 from it").

### F. Thirteenth Cause of Action For Unfair Competition Fails Because Folex Cannot Seek Restitution or Injunctive Relief

38. Folex' thirteenth cause of action for unfair competition under California Business & Professions Code section 17200 *et seq.* ("UCL") fails because recovery under the UCL is limited to restitution and/or injunctive relief – and neither remedy is applicable in this case.

39. First, Folex cannot recover restitution against O-TA because none of Folex' money or property was "taken" by O-TA. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144-45 (2003). Folex apparently concedes the point by abandoning this argument in its opposition papers.

40. Second, Folex cannot seek injunctive relief against O-TA because, under traditional equitable principles, no injunctive relief is available where, as here, Folex had an adequate remedy at law for damages. The Court finds that Folex had an adequate remedy at law and therefore injunctive relief is not available. *See Prudential Home Mortgage Co. v. Superior Court*, 66 Cal. App. 4th 1236, 1250 (1998) (injunctive relief under UCL precluded because adequate remedy at law existed); *see also* 5 B.E. Witkin, *California Procedure* § 826, at 242 (5th ed. 2008) (injunctive relief requires showing that injury "cannot be compensated by an ordinary damage award").

### G. Fourteenth Cause of Action Fails Because LSMRI Is An Indispensable Party

41. Folex' fourteenth cause of action for declaratory relief fails because Folex cannot seek a judicial determination that its commission arrangement with LSMRI is valid and enforceable without LSMRI being present before the Court. LSMRI, while named as a party, is not before the Court. LSMRI, whose rights are directly implicated by Folex' claim for declaratory relief, is needed to explain why it terminated the commission agreement with Folex. Pursuant to Federal Rule of Civil Procedure 19, the Court finds that O-TA would be unduly prejudiced if it was required to litigate the validity of agreements between Folex and LSMRI where, as here, LSMRI is not before the Court. The Court finds that LSMRI is both a necessary and indispensable party to the case. *See*, *e.g.*, *Clinton v. Babbitt*, 180 F.3d 1081, 189-91 (9th Cir. 1999) (district court properly dismissed claims pursuant to Fed. R. Civ. P. 19 where a necessary

and indispensable party was absent from the case); *see also* 4 James Wm. Moore et al., *Moore's Federal Practice* ¶ 19.06[4], at 19-114 to -115 (3d ed. 2010).

42. Folex apparently concedes the point by abandoning this cause of action in its opposition papers.

### H. Fifteenth Cause of Action For Accounting Is Extinguished Because All of Folex' Other Claims Fail

43. Folex' fifteenth cause of action for accounting is, under California law, deemed a "common count" which "is not a specific cause of action" but rather "must stand or fall" on its earlier claims against O-TA. *See McBridge v. Boughton*, 123 Cal. App. 4th 379, 394-95 (2004). Because Folex' claim is not a specific cause of action and, for the reasons set forth herein, each of Folex' other claims fails, the Court finds that Folex' accounting claim must be dismissed. *See id.* Moreover, Folex cannot use a common count claim as a basis to get around the shorter statute of limitations on underlying claims. *See Filmservice Labs, Inc. v. Harvey Bernhard Eners., Inc.*, 208 Cal. App. 3d 1297, 1308 (1989).

### I. Eighth Cause of Action For Negligent Interference With Contractual Relations Does Not Exist

44. Folex' eighth cause of action for negligent interference with contractual relations does not exist under California law. *Fifield Manor v. Finston*, 54 Cal. 2d 632, 636 (1960); *Davis v. Nadrich*, 174 Cal. App. 4th 1, 9 (2009). Folex appeared to abandon the claim in its original opposition brief. In its supplemental brief, Folex acknowledged that the tort as pled in the FAC does not exist but argued that the Court should "deem" the allegation one for negligent interference with prospective economic advantage. The Court finds that it would be unduly prejudicial to O-TA to allow Folex to amend its claim at this stage in the litigation. Even if the Court allowed Folex to amend its claim, the amendment would be futile because the applicable statute of limitations for torts based on interference with contractual relations is two (2) years. Cal. Civ. Proc. Code § 339(1). Consequently, it would be time-barred in any event.

### III. FOLEX' EVIDENTIARY OBJECTIONS RELATING TO DOCUMENTS RELIED ON BY THE COURT ARE OVERRULED

11

1   45.   Folex' evidentiary objections to Exhibits A through E of the Lin Declaration are overruled. These documents were signed by, prepared by or prepared at the request of Folex itself. Mr. Fu of Folex authenticated the documents at the time of his deposition. (*See* Supp. Hsu Decl., Ex. G at 7-9, 31-32, 36; Ex. F at 84-85, 130-32, 135, 138.) Accordingly, the documents are admissible.

46.   This Court's ruling does not address or rely on the "Chinese Civil Judgment" or the documents purporting to show "illegal" payments. Accordingly, for purposes of this motion, the Court does not need to address the evidentiary objections and admissibility of Exhibits F through I of the Lin Declaration.

## IV. CONCLUSION

As Folex has not demonstrated that there exist genuine issues of material fact as to any of its claims against O-TA, the Court hereby GRANTS O-TA's motion for summary judgment in its entirety..

IT IS HEREBY ORDERED.

Dated:  December 2, 2010.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE